FRED. L. HARRIS ET AL., PLAINTIFFS IN ERROR, V. ADOLPHUS V. CRONK, DEFENDANT IN ERROR.

**Dismissal of Action in Vacation.** An action in the district court, wherein no counter-claim or set-off has been filed, having been dismissed in vacation by the party plaintiff and all costs paid, according to the provisions of section 430a of the civil code, it is incompetent for the court at the next or any subsequent term to permit an intervention in said cause.

ERROR to the district court for Valley county. Tried below before TIFFANY, J.

*Charles E. Magoon*, for plaintiffs in error.

*W. H. Williams*, for defendant in error.

COBB, CH. J.

It appears from the record in this case that on the 30th day of October, 1882, Benjamin C. White and Edward M. Coffin commenced an action of replevin in the county court of Valley county against Fred L. Harris and Barney Weare. The writ issued in said cause was returned by the sheriff as personally served on the defendants, also by seizing the personal property therein described and upon the

due appraisement thereof according to law, and the taking of a bond with security in double the appraised value thereof, and the delivery of said property to the plaintiffs in said action.

And on the 3d day of November, 1882, it appearing to said county court that the said replevied property had been appraised at the sum of five hundred and nine dollars, a sum beyond the jurisdiction of the county court (as the law then was), the said county court by an order under its seal and the hand of the judge thereof duly certified said cause to the district court of Valley county.

On the 9th day of January, 1883, the said Benjamin C. White and Edward M. Coffin filed their petition in replevin in said cause in the said district court, and upon the same day the said Fred L. Harris and Barney Weare appeared in said court and filed a disclaimer therein, wherein and whereby they severally disclaimed any and all interest in the said replevied property or any part thereof and in the replevin bond given therefor by the plaintiffs in said action. And on the same day the said Benjamin C. White and Edward M. Coffin, plaintiffs in said cause, paid all costs in said action and entered and filed in the office of the clerk of said court an order finally dismissing said cause, which order was duly filed and certified by the clerk of said court.

It appears further that on the 25th day of April, 1883, A. V. Cronk came into said clerk's office and filed two papers, one being in the nature of an offer to answer in said case, and the other a combination of a petition for leave to intervene in said cause by petition in equity and an answer to the petition in said cause.

On the 14th day of May following, the said Fred L. Harris and Barney Weare filed a motion to strike the said papers filed by A. V. Cronk from the files, for the reason that the action had been dismissed; and again on the 16th day of the same month the said Fred L. Harris and Barney Weare filed in said clerk's office a demurrer to the said petition filed by the said Cronk.

It further appears by a journal entry contained in said record that on the 14th day of May, 1883, and on the fourth day of the term of said court, the said "cause came on for a hearing on the equitable petition of A. V. Cronk asking to be brought in and made a party defendant against the plaintiffs and against the defendant Fred L. Harris. Motion to strike equitable bill from the files overruled. The plaintiffs and the defendant, Fred L. Harris, demurred to the equitable bill of A. V. Cronk. * * * It is considered the demurrer be and the same is overruled and the cause continued to the next term of court."

It also appears by another journal entry in said record that further proceedings were had in said cause as follows:

"Now on this 19th day of April, 1884, being the 6th day of the April term, 1884, * * * the case being called, came up on petition of intervenor and answer of A. V. Cronk, intervenor, defending against B. C. White, E. M. Coffin, and F. L. Harris. F. L. Harris not appearing he was three times called and he came not, whereupon he was defaulted by the court. And upon the testimony of A. V. Cronk the court finds that there was due to the defendant, A. V. Cronk, intervenor, from the defendant, F. L. Harris, the sum of seventy-seven and $\frac{78}{100}$ dollars. It is therefore considered and adjudged by the court that the defendant, A. V. Cronk, recover of the defendant, F. L. Harris, the sum of seventy-seven and $\frac{78}{100}$ dollars, and costs."

The cause is brought to this court by the defendant, Fred L. Harris, by petition in error.

Section 430a of title XI. of the civil code provides as follows: "That the party plaintiff in any case pending in the district or supreme court of the state shall, when no counter-claim or set-off has been filed by the opposite party, have the right in the vacation of any of said courts to dismiss his said action without prejudice upon payment of costs, which said dismissal shall be by the clerk of any of

said courts entered upon the journal and take effect from and after the date thereof."

I am unable to see why the case at bar is not altogether within the provisions of this section. There had been no counter-claim or set-off filed. It was in the vacation of the court; the plaintiff paid the costs and dismissed his case. There was then no cause pending in which the said A. V. Cronk could intervene with or without the leave of the court.

The judgment of the district court and all orders made in said cause subsequent to the 9th day of January, 1883, are reversed, and the cause stands dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.