PLATTSMOUTH LOAN & BUILDING ASSOCIATION, APPELLANT,
v. JOSEPH SEDLAK, JR., ET AL., APPELLEES.

FILED MARCH 8, 1935. No. 29185.

*Charles E. Martin* and *A. L. Tidd,* for appellant.

*Dwyer & Dwyer, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

CARTER, J.

This action was filed on May 19, 1933, by the appellant to foreclose a real estate mortgage given by the appellees Joseph Sedlak, Jr., and Hermie M. Sedlak, his wife, on certain lots in Plattsmouth, Nebraska, to secure a note for $2,500. On October 24, 1933, the defendants filed an amended answer in which they alleged that the note secured by the mortgage had been paid, that the mortgage sued on was not executed before or acknowledged by a

notary or any one authorized or qualified to take acknowledgments and that the property was defendants' homestead at the time and that said mortgage is therefore void. On November 4, 1933, the appellee Fred Duda filed his amended , answer and cross-petition in which he prayed for the foreclosure of a second mortgage held by him on the premises. On November 25, 1933, replies were filed, and on December 23, 1933, the case proceeded to trial. On December 26, 1933, the taking of evidence was concluded and the court entered the following order: "Argument was had and the cause submitted to the court and thereupon said cause was taken under advisement. It is ordered that each side be and is hereby allowed 5 days in which to file briefs." On December 29, 1933, appellant filed a dismissal of its petition without prejudice. On the day following, a motion to dismiss was filed. On January 6, 1934, the appellees Sedlak were granted permission to amend the prayer of their answer praying that the mortgage of appellant declared upon be adjudicated void and be canceled of record and the cloud thereof removed from their title. The court thereupon overruled the motion to dismiss, decreed the mortgage of appellant to be void, and granted appellee Duda a foreclosure of his mortgage as a first lien. The appellant brings the case to this court for review. Appellant contends that it had dismissed its petition without prejudice in due time, that the court had no jurisdiction thereafter to enter a decree against appellant, and that the court erred in overruling appellant's motion to dismiss.

The statute applicable to the case at bar is as follows: "An action may be dismissed without prejudice to a future action: First. By the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court." Comp. St. 1929, sec. 20-601. The question to be determined, therefore, is whether there had been a final submission of the case to the court before the dismissal of appellant's cause of action.

It appears from the record that each party was granted

five days after the taking of the evidence was completed in which to file briefs. The dismissal was filed prior to the date fixed for filing briefs. In a like case under a statute similar to the Nebraska statute, the supreme court of Ohio has said: "Under our system of jurisprudence, questions of law to be determined by the trial court may be as important, or more so, than questions of fact, and counsel have a right to present their argument on both fact and law either orally or by brief before the trial court arrives at its decision. It is after that has been done that the case can be considered as having been finally submitted to the court. * * * We recognize the fact that this method of procedure may be employed to harass a defendant, and may prolong expensive and annoying litigation. On the other hand, in some cases, it may be employed for the benefit of a plaintiff who finds himself presently unable to go forward with the litigation, and who seeks to preserve his just rights." *State v. Cook,* 124 Ohio St. 478, 79 A. L. R. 684. In the case of *Houston's Adm'r v. Thompson's Adm'r,* 87 Mo. App. 63, in construing a statute similar to the Nebraska statute, the court said: "Our statute is in derogation of the common law by which a plaintiff could take a nonsuit at any time before the jury returned a verdict or a judgment was actually entered by the court when the case was tried without a jury. * * * The right of a plaintiff to take a nonsuit or dismiss the action upon discovery at any stage of the trial that, in the then state of his case, he cannot recover or safely proceed further, is essential to an efficient administration of the law and often enables justice to prevail when otherwise it would miscarry. The most righteous cause is liable to fail now and then from unforeseen contingencies, accidental omissions, a mistake in procedure or other circumstances unconnected with the merits, and but for this rule, substantial rights would be thereby wholly lost. So the wisdom and policy of the common law always freely accorded the privilege to litigants, while statutory limitations of its exercise have usually been restricted by the courts within their exact

terms. The power to allow a dismissal ends under our Code, and most others, when the case is finally submitted for determination, but this is held to have happened so as to defeat the right only when nothing remains to be done to render it complete. 6 Ency. of Pleading & Practice, 840; *Morrisey v. Chicago & N. W. R. Co.*, 80 Ia. 314."

In the case of *Crane v. Leclere,* 204 Ia. 1037, in discussing a similar statute, the supreme court of Iowa said: "If the court had granted time for the attorneys to appear and argue the case orally, certainly there would have been no final submission of the case, and the plaintiff could voluntarily dismiss the same before the arrival of the time fixed. The effect of granting time to file briefs was that the case was not finally submitted for determination by the court until the court could have the briefs for the consideration of the matters before him, or until the expiration of the time granted for the filing of same. A court can determine the merits of a case at any time after its submission; but in the instant case, the court could not have determined the same until the expiration of the time granted for filing of briefs. Therefore, there had not been a final submission of the case to the court for its determination. The cause was only submitted in so far as the taking of evidence was concerned, but was open for what aid the parties could give the court as to the law applicable to the evidence which had been previously received."

We are constrained to agree with the reasoning and holdings in the cases cited. Appellant clearly had the right to dismiss its case without prejudice within the time allowed for filing briefs. "A plaintiff has an absolute right to dismiss his action at any time before the final submission of the cause, subject alone to compliance with conditions precedent, such as the payment of costs, etc., as may be imposed by the court." *Beals, Torrey & Co. v. Western Union Telegraph Co.,* 53 Neb. 601.

Appellees Sedlak further contend that they had pleaded facts which entitled them to affirmative relief and that they could not be deprived thereof by the act of appellant

in dismissing the action without prejudice. The record shows that the appellees Sedlak asked and were granted leave to amend and set up the facts entitling them to affirmative relief after appellant's dismissal was on file. The court had no jurisdiction over the appellant on the cause of action set out in its petition at that time, the same having been dismissed. The cause having been properly dismissed, the court was without power to permit the amendment to the answer subsequent thereto. The state of the pleadings at the time the dismissal was filed was such that the right of appellant to dismiss without leave of court cannot be questioned.

With reference to the cross-petition of appellee Fred Duda, praying for the foreclosure of his second mortgage, there is no question that he could proceed on his cause of action as if the dismissal had not been filed. Comp. St. 1929, sec. 20-603. This court has held: "A plaintiff has the right, before final submission of his cause of action, to dismiss the same, but this right does not control the right of the defendant to proceed to the trial of a set-off or counterclaim properly pleaded by him in his answer." *Adams v. Osgood,* 55 Neb. 766.

That part of the decree of the district court purporting to adjudicate the rights between the appellant and the appellees Sedlak is reversed, with directions to the court below to enter an order of dismissal without prejudice to the right of appellant to institute another action for the same cause against the appellees Sedlak, and that part of the decree finding for appellee Duda on his cross-petition is affirmed.

AFFIRMED IN PART AND REVERSED IN PART.