MARIE DUFFY, APPELLANT, V. RUTH SCOTT CODY, APPELLEE.

FILED OCTOBER 25, 1935. No. 29361.

*R. B. Hasselquist* and *Donald S. Krause*, for appellant.

*V. E. Spittler* and *S. Arion Lewis, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

ROSE, J.

This is an action to recover from defendant $20,000 in damages for alienating the affections of plaintiff's husband. The answer to the petition was a general denial. After evidence had been adduced on both sides, the trial court, on motion of defendant, discharged the jury and dismissed the action for want of evidence. Plaintiff appealed.

The determining question presented on appeal is raised by the assignment of error that plaintiff, before the final submission of the case to the jury or court, was denied her statutory right to a dismissal without prejudice to a future action. The legislation is in this form:

"An action may be dismissed without prejudice to a future action: First. By the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court." Comp. St. 1929, sec. 20-601.

The right thus granted to a plaintiff is not a matter of judicial grace or discretion, but is absolute, if exercised "before the final submission of the case." *Plattsmouth Loan & Bldg. Ass'n v. Sedlak,* 128 Neb. 509; *Beals, Torrey & Co. v. Western Union Telegraph Co.,* 53 Neb. 601; *Adams v. Osgood,* 55 Neb. 766.

Before final submission of a case, the right of plaintiff to a dismissal without prejudice to a future action must be respected, whether an exercise thereof will harrass defendant by prolonged and expensive litigation, or enable justice to prevail when it would otherwise be defeated. *Plattsmouth Loan & Bldg. Ass'n v. Sedlak,* 128 Neb. 509. The right was granted by the legislature, not by rule of court.

When plaintiff herein demanded and exercised her right to a dismissal, the case had not been finally submitted to the court or jury. Plaintiff adduced her evidence in chief and rested. Defendant asked the trial court to direct a verdict in her favor for insufficiency of the evidence to make a *prima facie* case in favor of plaintiff. The question was argued in absence of the jury and a nonsuit denied. Defendant adduced her evidence in defense and rested. The trial court inquired: "Is there any rebuttal?" The answer was, "Yes." Plaintiff took the stand in rebuttal. After direct and cross-examination the witness was excused. Without any further action by the parties or the trial court counsel for plaintiff stated:

"If the court please, plaintiff at this time, before she has rested her case, requests that this action be dismissed without prejudice, at plaintiff's costs."

Dismissal at the costs of plaintiff without prejudice to a future action was denied. The record shows plaintiff did not rest. Asked if she rested, her counsel replied:

"I have asked to dismiss. I have nothing to rest now. I am dismissing my case."

Plaintiff did not waive her dismissal but stood upon it. Later, the trial court sustained a motion by defendant to discharge the jury and dismiss the case on its merits for want of evidence. The record shows conclusively that plaintiff demanded and exercised the right to dismiss her case without prejudice to a future action, before the final submission of the case to the jury or court, within the meaning of the statute quoted. The judgment from which the appeal is taken is therefore erroneous to the prejudice of plaintiff and for that reason is reversed and the case

dismissed without prejudice to a future action, defendant to pay the costs in both courts incurred subsequently to the overruling of plaintiff's motion to dismiss.

REVERSED.