180 N.W.2d 917 (1970)
186 Neb. 67
In the Interest of Stephen Jeffrey Moore, a child under eighteen years of age.
Stephen Jeffrey MOORE, Appellant,
v.
STATE of Nebraska, Appellee.
No. 37453.
Supreme Court of Nebraska.
November 6, 1970.
Supplemental Opinion December 4, 1970.
Kneifl, Kneifl & Byrne, Terrence J. Ferguson, Omaha, for appellant.
Donald L. Knowles, County Atty., Colleen R. Buckley, Deputy Co. Atty., Omaha, for appellee.
Heard before WHITE, C. J., and CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN and NEWTON, JJ.
NEWTON, Justice.
Stephen Jeffrey Moore, a minor 13 years of age, was charged in separate juvenile court with being a delinquent or a child in need of special supervision. He was found by the court to be a child in need of special supervision and was placed on probation. The basis of the charge was an alleged violation of section 39-762, R.R.S. 1943. We reverse the judgment of the separate juvenile court.
The evidence indicates that on March 31, 1969, 7-year old Vicki Mulligan was attending Mary Our Queen School in Omaha, Nebraska, and was playing in the parking lot on the school grounds when she was struck by, or ran into, a mini motor-bike operated by Stephen Jeffrey Moore. A passenger on the bike fell off when the accident occurred and as soon as he got back on, Stephen drove off. Vicki was knocked 4 or 5 feet from the point of contact, fell down, lost one shoe, and sustained a compound fracture of one leg.
Error is assigned on the ground that the state failed to show Stephen had knoweldge of the accident and injury to Vicki. Stephen admits he knew he struck Vicki and knocked her down. It is apparent he had knowledge of the accident and the circumstantial evidence is sufficient to require a finding that he had knowledge an injury had been inflicted. In cases of this nature, knowledge may be proved by circumstantial evidence. See State v. Snell, 177 Neb. 396, 128 N.W.2d 823.
*918 Section 43-201, R.R.S.1943, defines a delinquent child as one who has violated a municipal ordinance or state law. It is contended that the petition is defective in failing to include an essential element of the offense of unlawfully leaving the scene of an accident. This contention is rendered immaterial as the separate juvenile court did not find Stephen to be a delinquent child. It did find he was a child in need of special supervision on the basis set out in subsection (5)(c) of the statute. He had deported himself in such a manner as to injure and seriously endanger the health of others.
The petition contained two counts. Count I was dismissed by the court. It is asserted that the motion of the county attorney to dismiss Count II, made prior to trial, must be honored and that the separate juvenile court was without authority to overrule the motion. Such proceedings in a juvenile court have been denominated quasi-criminal in character but are generally considered to be civil actions and were unknown at common law. Statutes regulating the juvenile courts do not encompass the question presented. At common law, a criminal action could be dismissed by the prosecuting attorney, without leave of court, at any time before a jury was impaneled. See 22A C.J.S. Criminal Law § 457c, p. 5. This rule has not been altered by statute in Nebraska. By statute, civil actions may be dismissed without leave of court at any time before final submission of the cause. See, § 25-601, R.R.S.1943; Giesler v. City of Omaha, 175 Neb. 706, 123 N.W.2d 650. At common law, a plaintiff had a similar right to dismiss without leave of court at any time prior to trial. See 27 C.J.S. Dismissal & Nonsuit § 18a, p. 338. Whether a juvenile court action be regarded as quasicriminal or civil in nature in the absence of a special statute to the contrary, it appears that the county attorney, when not disqualified, may dismiss the action without leave of court. This being true, it follows that the dismissal of Count II by the county attorney was final and Count I, having been dismissed by the court, the case has been finally concluded.
The judgment of the separate juvenile court is reversed and the cause dismissed.
Reversed and remanded with directions to dismiss.
SPENCER and BOSLAUGH, Justices (dissenting).
We have here the anomalous situation of the county attorney urging the affirmance of the separate juvenile court order finding the appellant a child in need of special supervision, and also in his brief asserting herein the refusal of the separate juvenile court to sustain his motion to dismiss at the time of the trial.
We concede that in all other cases the county attorney ordinarily has the right to dismiss a petition at any time before final submission, but that is not true in the juvenile court. Under our law a county attorney in the first instance has the choice of processing a juvenile through the juvenile court or through the criminal courts. Fugate v. Ronin, 167 Neb. 70, 91 N.W.2d 240. When he files a petition in the juvenile court, he has made that choice, because the juvenile court acquires jurisdiction upon the filing of a petition and the service of process, and this jurisdiction is continued until the court voluntarily relinquishes it. The child becomes a ward of the court as soon as the court takes jurisdiction, and it is the court which will determine what is for the best interests and welfare of the child. Stewart v. McCauley, 178 Neb. 412, 133 N.W.2d 921.
We should remember that the juvenile court is a product of the solicitude of the law for the welfare of infants. Its powers and duties are prescribed more or less in detail in our statutes, and because of their humanitarian and beneficent purpose they should be liberally construed to the end that their manifest purpose may be effectuated to the fullest extent compatible with *919 their terms. To sustain the position of the majority in this case would mean that the county attorney, after he has filed a juvenile proceeding, could dismiss the proceeding at any time before final submission, and refile the proceeding in the criminal court. This to us violates the intent and purpose of the Juvenile Court Act and should never be permitted. After the county attorney has once made his choice, that choice should be final.

SUPPLEMENTAL OPINION
NEWTON, Justice.
The original opinion in this case will be found in 186 Neb. 67, 180 N.W.2d 917. The opinion states that: "At common law, a criminal action could be dismissed by the prosecuting attorney, without leave of court, at any time before a jury was impaneled." This was followed by the statement that: "This rule has not been altered by statute in Nebraska." This last sentence is deleted from the opinion. It is in the nature of obiter dictum and may possibly be construed as in conflict with section 29-1606, R.R.S. 1943, construction of which is neither necessary nor pertinent in the present instance.