DONALD G. WERNER, APPELLANT, V. JOAN M. WERNER, APPELLEE.

184 N. W. 2d 646

Filed March 12, 1971. No. 37898.

Fisher & Fisher, for appellant.

Laurice M. Margheim of Bump & Bump, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This case is before us on a motion of appellee to dismiss the appeal. We dismiss the appeal but direct the trial court to vacate his order striking appellant's dismissal of his divorce action and to reinstate the dismissal of the action.

Appellant filed a petition for divorce September 1, 1970, and obtained personal service on the appellee in Fort Collins, Colorado. Appellee filed a demurrer October 5, and an application for temporary alimony, custody of children, support, and attorney's fee October 6. Appellant at all times herein has had custody of the children. Neither the demurrer nor the application had been ruled on. On October 7, at approximately 4:20 p.m., appellant filed a dismissal of the action. Subsequently, and at approximately 4:30 the same day, appellee filed an application for an injunction on which ex parte the trial court entered a restraining order con-

cerning the removal of the children, which was never served. On October 23, appellee filed a pleading purporting to be an objection to discharge and a motion to strike, objecting to the unconditional dismissal of the action and moving the court for an order striking the same from the file. On October 27, the court entered an order striking the dismissal from the file. The appeal was perfected from that order. We file this opinion because it is obvious to us that the order striking the dismissal from the file was a nullity.

Section 25-601, R. R. S. 1943, gives a plaintiff the right to dismiss an action without prejudice *as a matter of right* at any time before final submission.

At the time of the dismissal herein, the appellee had a demurrer on file to the petition, which appears to have merit. The only other pleading pending at the time of the dismissal was an application for allowances. No action of any nature had been taken by the court on either of these pleadings previous to the dismissal.

On November 6, 1970, we decided the case of In re Interest of Moore, *ante* p. 67, 180 N. W. 2d 917, *ante* p. 158, 180 N. W. 2d 919. We there held the county attorney had the right to dismiss a juvenile action without consent of the court. We said: "At common law, a criminal action could be dismissed by the prosecuting attorney, without leave of court, at any time before a jury was impaneled. See 22A C. J. S., Criminal Law, § 457c, p. 5. By statute, civil actions may be dismissel without leave of court at any time before final submission of the cause. See, § 25-601, R. R. S. 1943; Giesler v. City of Omaha, 175 Neb. 706, 123 N. W. 2d 650."

In Giesler v. City of Omaha, 175 Neb. 706, 123 N. W. 2d 650, we held: "The right of a plaintiff to dismiss a cause of action before submission to the court is a statutory right and is not a matter of judicial grace or discretion."

In an action for divorce, until the trial court enters an order imposing some obligation, the plaintiff has an

unqualified right to dismiss his petition without leave of court, regardless of the nature of the pleadings on file. Appellee could have protected herself herein by filing an answer and cross-petition rather than a demurrer.

A question was raised as to whether or not the order entered was a final order. The view we take is that when the appellant filed his dismissal it ended the litigation, the case was no longer pending, and the order of the court reinstating the case was a nullity. We therefore dismiss the appeal at appellee's cost.

APPEAL DISMISSED.

CARTER, J., dissenting.

The dismissal of the appeal in this case deprives this court of any jurisdiction. This leaves the case wholly in the district court. The purported holdings of this court to the effect that "The view we take is that when the appellant filed his dismissal it ended the litigation, the case was no longer pending, and the order of the court reinstating the case was a nullity" is purely gratuitous, beyond the power of this court to make, and an unwarranted interference with the exclusive jurisdiction of the district court. The reinstatement of the action in the district court may have been erroneous but it was not a nullity. It is indeed an anomaly that this court can divest itself of the jurisdiction attempted to be lodged here by a purported appeal and at that same time decide issues pending in the district court. I submit that semantical acrobatics cannot serve to justify the action taken on the motion to dismiss the appeal.