ROBERT W. KOLL ET AL., APPELLEES, V.
STANTON-PILGER DRAINAGE DISTRICT, APPELLANT.

299 N.W.2d 435

Filed December 5, 1980.   No. 43118.

Grady, Caskey & Thor for appellant.

Vince Kirby for appellees.

Heard before BOSLAUGH, BRODKEY, and HASTINGS, JJ., and BLUE and CAPORALE, District Judges.

BLUE, District Judge.

The plaintiffs filed an action in the District Court for Stanton County, Nebraska, seeking injunctive relief and damages. In the course of the proceedings, a second amended petition was filed, to which the defendant filed a demurrer claiming that the petition did not state facts sufficient to constitute a cause of action and that there was a misjoinder of parties and of causes of action. This demurrer was sustained by the court on September 11, 1979, and the plaintiffs were given 2 weeks in which to file another amended petition. Plaintiffs did not file another amended petition within that time; and on October 15, 1979, defendant filed a motion for a default judgment, asking that the action be dismissed with prejudice. Plaintiffs appeared for a hearing on the motion for default; however, without hearing this motion, the trial court, on plaintiffs' motion, granted plaintiffs leave to dismiss the action without prejudice as a matter of right, for the reason that the case had not been finally adjudicated.

The defendant filed a motion for new trial. In over-ruling this motion, the trial judge indicated that the dismissal was a discretionary matter with the court. Defendant has now appealed, claiming not only that plaintiffs had no right to dismiss without prejudice, but also that the court abused its discretion by allowing the dismissal.

Neb. Rev. Stat. § 25-601 (Reissue 1979) provides, in part, that an action may be dismissed without prejudice to a future action by the plaintiffs before the final submission of the case to the jury, or to the court where the trial is by the court. It is well settled in Nebraska that a plaintiff may dismiss his action without prejudice as a matter of right at any time before final submission. It is a statutory right and not a matter of judicial grace or discretion. *Gebhart v. Tri-State G. & T. Assn.*, 181 Neb. 457, 149 N.W.2d 41 (1967); *Giesler v. City of Omaha*, 175 Neb. 706, 123 N.W.2d 650 (1963).

The question then to be considered in determining whether plaintiffs had a right to dismiss under § 25-601 is whether the sustaining of a demurrer is a final submission of the case, as claimed by defendant. A "final submission" within the rule that plaintiffs can dismiss only before final submission, contemplates a submission on both the law and the facts, and is a final submission only when nothing remains to be done to render it complete. 27 C.J.S. *Dismissal and Nonsuit* § 20b (1959).

A demurrer under Neb. Rev. Stat. § 25-806 (Reissue 1979) merely challenges defects shown on the face of the petition, which defects often can be corrected by the pleader. In fact, Neb. Rev. Stat. § 25-854 (Reissue 1979) contemplates that, if a demurrer is sustained, an adverse party may amend if the defect could be remedied by way of amendment. Although there may be some cases in which a right to amend is curtailed, ordinarily it is error for the court not to grant leave to amend when the defect could be cured by

amendment. *Cagle, Inc. v. Sammons,* 198 Neb. 595, 254 N.W.2d 398 (1977).

It is well-settled law that the sustaining of a general demurrer not followed by a judgment of dismissal terminating the litigation does not constitute a final order reviewable by this court. *Root v. School Dist. No. 25,* 183 Neb. 22, 157 N.W.2d 877 (1968).

There are few cases dealing with whether the plaintiffs have a right to dismiss after the sustaining of a demurrer to the petition. One such case is *Alphons Custodis C. Con. Co. v. Aetna In. Co.,* 160 Ill. App. 140 (1911), where the defendant demurred to an amended declaration and, after a hearing, the court sustained the demurrer and gave the plaintiff 30 days in which to amend its declaration and, before the time was up, the plaintiff moved the court for leave to take a nonsuit. It was held that the trial court did not err in allowing the nonsuit; the appellate court rejected the contention that the case had been submitted for final decision upon a general demurrer and that, therefore, it was too late for the plaintiff to take a nonsuit in view of the statute barring a nonsuit where a case was tried before the court without a jury unless taken "before the case is submitted for final decision." The appellate court stated that no final judgment was entered, the trial court merely making an interlocutory order and sustaining the demurrer and giving leave to amend.

In the present case, while plaintiffs did not amend their petition within the time set, we believe that generally the practice in this state would have been to permit an amendment out of time. In any event, the trial court had not considered the motion for default, so there had been no final submission of the case. It appears that the courts have liberally construed a party's right to dismiss an action. This court has stated in *Giesler v. City of Omaha, supra* at 709, 123 N.W.2d at 652: "The right to dismiss is liberally construed in favor of the right, but strictly construed to the

extent that it is in derogation of the common law. In Plattsmouth Loan & Bldg. Assn. v. Sedlak, 128 Neb. 509, 259 N.W. 367, this court quoted with approval the following: 'The right of a plaintiff to take a nonsuit or dismiss the action upon discovery at any stage of the trial that, in the then state of his case, he cannot recover or safely proceed further, is essential to an efficient administration of the law and often enables justice to prevail when otherwise it would miscarry. * * * So the wisdom and policy of the common law always freely accorded the privilege to litigants, while statutory limitations of its exercise have usually been restricted by the courts within their exact terms.'"

We conclude that the sustaining of a demurrer to the petition does not constitute a final submission of the case to the court and, therefore, the plaintiffs have a right to a dismissal without prejudice.

Defendant cites two cases, *Bee Building Co. v. Dalton*, 68 Neb. 38, 93 N.W. 930 (1903), and *Fronk v. Evans City Steam Laundry Co.*, 70 Neb. 75, 96 N.W. 1053 (1903), for the proposition that a demurrer which is sustained is a final submission. A reading of these cases shows that, at that time, the term "demurrer to the evidence" was used interchangeably with a "motion for directed verdict." In those cases, the plaintiffs had submitted their evidence to the jury and rested. The defendants made a motion for a directed verdict, which was sustained. Plaintiffs then dismissed without prejudice. The Supreme Court said that those dismissals were not a matter of right, as the cases had been finally submitted. Those cases are readily distinguishable from the present case. Defendant also cites the case of *State v. Scott*, 22 Neb. 628, 36 N.W. 121 (1888), in which a peremptory writ of mandamus was applied for in the Supreme Court. A demurrer was filed, and the court issued an order denying the writ. It was held that the case could not be dismissed without prejudice; but here again, the case had been finally submitted and determined.

The order of the District Court dismissing the action without prejudice is affirmed.

AFFIRMED.