CHARLOTTE M. SCHROEDER, APPELLEE, V. CARL L. SCHROEDER, APPELLANT.

392 N.W.2d 787

Filed August 22, 1986. No. 86-293.

Clarence E. Mock of Johnson and Mock, for appellant.

Jon S. Okun of Higgins, Okun & Calkins, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

The appellee wife, Charlotte M. Schroeder, sued to dissolve her marriage to the appellant husband, Carl L. Schroeder. After the entry of certain temporary orders, the court, upon motion

of the wife, dismissed the suit without prejudice at the wife's costs. The husband appeals from the ruling denying his motion either that conditions be imposed upon the dismissal or that it be vacated. He asserts that ruling was erroneous because the court should not have ordered the suit dismissed without a hearing after notice to him. We affirm.

The transcript reveals that the wife filed her petition on August 14, 1985, and on that same day obtained an order restraining the husband from disposing of the parties' property, except in the usual course of business or for the necessaries of life.

Thereafter, on September 11, 1985, the court entered an order which permitted the wife to occupy the family residence during the pendency of the proceeding, and required the husband to pay certain temporary support and other specified debts.

On March 6, 1986, the husband represented to the court that the wife was removing property from the family residence and obtained an order restraining her from disposing of any property except in the usual course of business or for the necessaries of life and directing her "to account for all unusual expenditures made after" service upon her of the order. The record does not reflect whether this order was served upon the wife.

On March 7, 1986, the wife filed the motion which resulted in dismissal of her suit, as stated previously.

The husband then, on March 11, 1986, moved for an order vacating the dismissal or, in the alternative, that it be conditioned upon the return of the property removed from the parties' residence and the imposition of a reasonable attorney fee attendant to obtaining the March 6 order.

Neb. Rev. Stat. § 25-601 (Reissue 1985) provides, "An action may be dismissed without prejudice to a future action . . . by the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court . . . ."

We have held that a plaintiff may enter a dismissal as a matter of right at any time before final submission of a case, *Koll v. Stanton-Pilger Drainage Dist.*, 207 Neb. 425, 299 N.W.2d 435 (1980), and that the matter is not one of judicial grace or

discretion, *Dawson v. Papio Nat. Resources Dist.*, 210 Neb. 100, 313 N.W.2d 242 (1981), *supp. op.* 210 Neb. 612, 316 N.W.2d 311 (1982).

*Dawson* noted, however, that a plaintiff's right to dismiss does not affect the right of the other party to proceed on its petition or counterclaim and that where justice and equitable principles require, the court may attach conditions to the dismissal. While *Dawson* does not elaborate on what conditions can be attached or when it is appropriate to do so, *Feight v. Mathers*, 153 Neb. 839, 46 N.W.2d 492 (1951), does, largely by way of dicta, address those issues.

The *Mathers* court, in the course of ruling that the trial court improperly denied dismissal of certain counterclaims pending after the plaintiff's petition had been adjudicated, noted that collateral consequences, such as subjection to further litigation, do not interfere with one's right of dismissal. The *Mathers* court further observed, however, that dismissal may properly be conditional where it would deprive or endanger a right accrued to the adverse party in the very cause sought to be dismissed. In the absence of such, the right to dismiss is absolute. See, also, *Horton v. State*, 63 Neb. 34, 88 N.W. 146 (1901); *Blue River Power Co. v. Hronik*, 116 Neb. 405, 217 N.W. 604 (1928).

The husband rests his argument almost exclusively on *Werner v. Werner*, 186 Neb. 558, 184 N.W.2d 646 (1971). Therein, after the respondent filed a demurrer and application for allowances, but before the court had taken any action on either, the petitioner dismissed his action. The respondent objected, and the trial court entered an order striking the dismissal. This court reversed and declared the lower court's order striking the dismissal to be a nullity.

The *Werner* court noted that civil actions may be dismissed without leave of court at any time before final submission of the case. However, by way of dicta the court also stated, "In an action for divorce, until the trial court enters an order imposing some obligation, the plaintiff has an unqualified right to dismiss his petition without leave of court, regardless of the nature of the pleadings on file." *Id.* at 559-60, 184 N.W.2d at 647.

The husband urges that since an order for temporary support

and two restraining orders had been entered imposing obligations, the wife no longer had an unqualified right to dismiss her suit.

The *Werner* dicta is not controlling. First of all, as the record does not establish that the March 6 order was ever served upon the wife, we cannot say that any obligation of any kind was ever imposed upon her. However, we do not consider the imposition of obligations in the *Werner* sense material to the application of the plain language of § 25-601.

So far as the record reflects, the husband filed no request for affirmative relief on the merits of the cause. Thus, he left the suit entirely within the control of the wife.

There is no question but that the suit had not been finally submitted at the time the wife moved for its dismissal. Final submission contemplates submission on both the law and the facts when nothing remains to be done in order to render the submission complete. See, *Koll v. Stanton-Pilger Drainage Dist., supra; Plattsmouth Loan & Bldg. Ass'n v. Sedlak*, 128 Neb. 509, 259 N.W. 367 (1935); *Bee Building Co. v. Dalton*, 68 Neb. 38, 93 N.W. 930 (1903). See, also, *Piatt v. Realty Co.*, 342 Mo. 772, 117 S.W.2d 327 (1938).

Here, the parties did no more than seek temporary orders to operate during the pendency of the wife's suit; the parties had not yet finally submitted the cause to the court for adjudication on the merits.

Once the wife's petition was dismissed, there was nothing invoking the court's jurisdiction over these parties. Consequently, the temporary orders perished at the moment the wife's suit ceased to exist.

Contrary to the husband's suggestion, no right acquired by him during this suit has been endangered or lost to him. The suit was dismissed at the wife's costs; no attorney fee had been awarded to him; and none of his property rights were permanently affected. Should the marital relationship not survive the dismissal of this suit and a second suit be filed, the court having jurisdiction will, in considering the adjustment of the parties' property rights, then be empowered to consider the manner in which each party has treated the marital assets in the past.

AFFIRMED.