STATE OF NEBRASKA, APPELLANT, V.
MICHAEL DORCEY, APPELLEE.
592 N.W.2d 495

Filed April 23, 1999.   No. S-98-727.

Dean Skokan, Dodge County Attorney, and Kevin J. Slimp for appellant.

Bradley E. Nick, of Sidner, Svoboda, Schilke, Thomsen, Holtorf, Boggy & Nick, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

### NATURE OF CASE

Appellee, Michael Dorcey, was charged in the county court for Dodge County with driving under the influence of alcohol in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 1993). The county court granted Dorcey's motion to suppress "all evidence." On the State's behalf, the county attorney for Dodge County moved in county court to voluntarily dismiss the complaint, the motion was granted, and the county court's case was dismissed. Thereafter, the State filed in the county court a notice of intent to appeal the county court's order sustaining the motion to suppress to the district court for Dodge County. A series of provisions contained in Neb. Rev. Stat. § 29-2315.01 et seq. (Reissue 1995) allows prosecutorial appeals and the review of certain trial court rulings. The State filed its appeal based on § 29-2317. After hearing, the district court concluded that it had no jurisdiction to consider the State's appeal under § 29-2317 because the notice of appeal was filed by the State in a voluntarily dismissed case and was a nullity.

The Nebraska Court of Appeals granted the State leave to docket error proceedings under § 29-2315.01. The case was moved to the docket of the Nebraska Supreme Court. The State assigns as error the district court's dismissal of its appeal. For the reasons recited below, we conclude that the district court correctly dismissed the appeal and that, accordingly, the State's exception is dismissed.

## STATEMENT OF FACTS

Dorcey was arrested on July 27, 1997, on suspicion of driving under the influence of alcohol, in violation of § 60-6,196. Based on Dorcey's arrest, the State filed a complaint against Dorcey in the county court on August 5.

On December 10, 1997, Dorcey filed a motion in the county court to suppress "all evidence against this Defendant in the above captioned prosecution." In his motion, Dorcey claimed that when he was stopped by law enforcement officers, the officers lacked reasonable suspicion that a crime had been or was being committed or any other appropriate articulable basis for stopping Dorcey. In an order filed March 12, 1998, the county court granted Dorcey's motion to suppress the State's evidence against Dorcey.

The county court's order of March 12, 1998, was limited to the evidentiary relief Dorcey requested, and the county court did not dismiss the complaint filed against Dorcey at that time. In a motion filed on March 20, the State requested that the county court dismiss the complaint against Dorcey. In an order filed the same day, the county court sustained the State's motion and dismissed the county court case against Dorcey.

On March 25, 1998, 5 days after the complaint against Dorcey was dismissed in county court at the State's behest, the State filed a pleading in the county court entitled "Notice of Prosecutor's Intent to Appeal," in which the State indicated that it intended to challenge the county court's order suppressing evidence against Dorcey by appealing this ruling to the district court. The State's notice specifically referred to § 29-2317 as the procedure on which it was relying in seeking an appeal to the district court.

The State's appeal was heard in the district court on May 11, 1998. The district court concluded that it had no jurisdiction to consider the State's appeal of the county court's order because the State filed its notice of appeal in the county court after the county court case against Dorcey had been voluntarily dismissed. The district court, therefore, dismissed the State's appeal. The district court further observed that the procedure under Neb. Rev. Stat. § 29-827 (Reissue 1995), pursuant to

which at that point in time the State could have dismissed the county court case and refiled in district court, was not followed in this case.

The State sought leave to docket the proceedings for review under § 29-2315.01. Leave was granted.

## ASSIGNMENT OF ERROR

The State claims that the district court erred in dismissing the State's appeal of the county court's order which granted Dorcey's motion to suppress.

## ANALYSIS

Pursuant to § 29-2315.01, the county attorney for Dodge County applied for leave to docket an appeal in the Court of Appeals on the issue of the propriety of the district court's dismissal of the State's purported appeal to district court pursuant to § 29-2317. Under § 29-2315.01, the State may request the appellate court to review an adverse decision or ruling in a criminal case in district court after a final order or judgment in the criminal case has been entered. The purpose of this procedure is to provide an authoritative exposition of the law to serve as precedent in future cases. See, *State v. Detweiler*, 249 Neb. 485, 544 N.W.2d 83 (1996); *State v. Jennings*, 195 Neb. 434, 238 N.W.2d 477 (1976); *State v. Wilen*, 4 Neb. App. 132, 539 N.W.2d 650 (1995).

### PURPORTED APPEAL UNDER § 29-2317

In the instant case, the State invoked § 29-2317 in pursuing its appeal from the county court to the district court and § 29-2315.01 in connection with the docketing of the proceedings now before this court, challenging the ruling of the district court.

Section 29-2317(1) allows a prosecuting attorney to "take exception to any ruling or decision of the county court made during the prosecution of a cause by presenting to the court a notice of intent to take an appeal to the district court." Under § 29-2317(2), such notice to the county court shall be accompanied by documentation showing the ruling which is the subject of the appeal, the basis or reasons for the State's objection, and a statement of the record which the prosecutor proposes to

present to the district court on appeal, which documentation the county court judge shall certify as adequate for review. Section 29-2317(2) further provides that "[t]he notice [filed in county court] shall be presented to the court within twenty days after the final order is entered in the cause." With respect to the effect of an appeal properly brought under § 29-2317, § 29-2319(1) provides:

> The judgment of the court in any action taken under the provisions of sections 29-2317 and 29-2318 shall not be reversed nor in any manner affected when the defendant in the trial court has been placed legally in jeopardy, but in such cases the decision of the district court shall determine the law to govern in any similar case which may be pending at the time the decision is rendered, or which may thereafter arise in the district.

See, *State v. Sports Couriers, Inc.*, 210 Neb. 168, 313 N.W.2d 447 (1981); *State v. McDermott*, 200 Neb. 337, 263 N.W.2d 482 (1978).

In the instant case, the district court's dismissal of the State's appeal brought pursuant to § 29-2317 was based on its lack of jurisdiction due to the filing of the notice of appeal in the voluntarily dismissed county court case. The determination of a jurisdictional issue which does not involve a factual dispute is an issue of law which requires an appellate court to reach its conclusion independent from that of the trial court. *State v. Dvorak*, 254 Neb. 87, 574 N.W.2d 492 (1998).

In this case, the State filed its notice of appeal in the county court after the complaint filed against Dorcey was dismissed at the State's request. An actual case or controversy is a prerequisite to the exercise of judicial power. *State v. Jacob, ante* p. 492, 591 N.W.2d 541 (1999); *Galyen v. Balka*, 253 Neb. 270, 570 N.W.2d 519 (1997). When a case is dismissed by a party, the controversy between the parties upon which a trial court may act ends. *Plattsmouth Loan & Bldg. Ass'n v. Sedlak*, 128 Neb. 509, 259 N.W. 367 (1935). Parties to a case are incapable of pursuing judicial relief in the case after it has been voluntarily dismissed. *Id.*; *Harris v. Cronk*, 17 Neb. 475, 23 N.W. 341 (1885). Where the case is voluntarily dismissed, there is no final order on the law or facts of the case, *Schroeder v. Schroeder,*

223 Neb. 684, 392 N.W.2d 787 (1986), nor has there been a decision on the merits, *Miller v. Harris*, 195 Neb. 75, 236 N.W.2d 828 (1975). Accordingly, no appeal will lie.

In the instant case, the record is undisputed that the State gave notice of its intent to appeal the county court's order suppressing evidence against Dorcey 5 days after the county court dismissed the complaint against Dorcey at the State's request. The notice of appeal the State filed in the county court was a nullity, as was the county court's certification to the district court under § 29-2317(2). See *Werner v. Werner*, 186 Neb. 558, 184 N.W.2d 646 (1971). Because the case against Dorcey had been dismissed at the State's request, there was no longer a case or controversy pending in which the parties could pursue judicial relief or over which the trial court could exercise jurisdiction. See, *id.*; *Plattsmouth Loan & Bldg. Ass'n v. Sedlak, supra*; *Harris v. Cronk, supra*. See, also, *State v. Jacob, supra*. We agree with the district court's conclusion that it had no jurisdiction over the State's appeal for the reason that the State's notice of appeal filed in a case which it had voluntarily dismissed was a nullity. Where the district court lacks jurisdiction, this court lacks jurisdiction.

## PURPORTED APPEAL UNDER § 29-827

In its argument to this court, the State claims that notwithstanding the fact that its appeal to the district court was premised on § 29-2317, its appeal to the district court was nevertheless proper under § 29-827. Because the State did not pursue the process then available under § 29-827, we reject the State's argument.

Although § 29-827 has been repealed effective July 15, 1998, in the period during which § 29-827 was effective, in criminal cases where jeopardy had not yet attached, § 29-827 allowed a prosecutor to dismiss a criminal complaint filed in county court after an adverse ruling suppressing the State's evidence against a defendant and further authorized the State to commence the case anew by filing an information in the district court. See, *State v. Cox*, 247 Neb. 729, 529 N.W.2d 795 (1995); *State v. Chamley*, 223 Neb. 614, 391 N.W.2d 99 (1986). In the instant case, the county court dismissed the case on March 20, 1998.

Section 29-827 was repealed by the Nebraska Legislature effective July 15, 1998. See 1998 Neb. Laws, L.B. 218. Thus, the refiling procedure available under § 29-827 was available to the State at the time relevant to this case, and the State did not avail itself of this procedure.

We reject the State's belated invocation of § 29-827 to justify its appearance in the district court challenging the county court's order granting Dorcey's motion to suppress, which appeal was explicitly taken under § 29-2317.

## CONCLUSION

We conclude the district court's dismissal of the State's appeal under § 29-2317 was correct because the State's notice of appeal which was filed in the county court case which the State had previously voluntarily dismissed was a nullity. The district court lacked jurisdiction, and accordingly, this court lacks jurisdiction. For the foregoing reason, the State's exception brought to this court under § 29-2315.01 is dismissed.

EXCEPTION DISMISSED.