RICKIE F. BEVARD AND KEITH BEVARD, PERSONAL REPRESENTATIVES OF THE ESTATE OF DANIEL BEVARD, JR., DECEASED, APPELLANTS, V. TONY S. KELLY, DOING BUSINESS AS KELLY CONSTRUCTION, REAL NAME UNKNOWN, ET AL., APPELLEES, AND CONTINENTAL WESTERN GROUP, FORMERLY KNOWN AS CONTINENTAL WESTERN INSURANCE COMPANY, INTERVENOR-APPELLEE.

739 N.W.2d 243

Filed September 25, 2007. No. A-05-1126.

William A. Wieland and Allen L. Fugate for appellants.

Kevin L. Griess and Stephen L. Ahl, of Wolfe, Snowden, Hurd, Luers & Ahl, L.L.P., for appellees Neosho Construction Company and Union Pacific Railroad Company.

INBODY, Chief Judge, and CARLSON and MOORE, Judges.

CARLSON, Judge.

## INTRODUCTION

In this case, Rickie F. Bevard and Keith Bevard (the Bevards), personal representatives of the estate of Daniel Bevard, Jr. (Daniel), appeal from orders of the district court for Lincoln County granting summary judgment in favor of Neosho Construction Company, Incorporated (Neosho); Union Pacific Railroad Company (UP); and Ritterbush Construction, Inc. (Ritterbush), and dismissing them from the action. For the reasons set forth below, we dismiss this appeal for lack of jurisdiction.

## BACKGROUND

In June 2003, the Bevards filed suit against seven defendants for injuries Daniel sustained in a motor vehicle accident: Tony S. Kelly, doing business as Kelly Construction (Kelly); Scott Fry; Ritterbush; Mann Hay, Co., Inc. (Mann Hay); Wausau Underwriters Insurance Company (Wausau); Neosho; and UP. Subsequently, an eighth defendant, Continental Western Group (Continental), was granted leave to intervene.

The record shows that after the Bevards filed suit, the following occurred: In September 2003, the allegations against Mann Hay and Wausau were stricken from the Bevards' petition, and a court order reflects this. In April 2005, the trial court granted Ritterbush's motion for summary judgment and

dismissed Ritterbush from the action. On June 28, 2005, the trial court granted a summary judgment motion filed by Neosho and UP and dismissed those two defendants.

On September 19, 2005, the trial court indicated that the upcoming trial as to Kelly, Fry, and Continental was canceled because a settlement had been reached. On the same date, the Bevards filed a dismissal which states, "The Plaintiff dismisses the above captioned proceeding without prejudice." Also on that date, the Bevards appealed from the court's orders granting summary judgment in favor of Neosho, UP, and Ritterbush.

On September 26, 2005, the Bevards filed a motion requesting that the court enter an order nunc pro tunc stating the proceedings to be dismissed were those pending against the defendants Kelly, Fry, and Continental and that the court enter an order of dismissal accordingly. On the same date, the court entered an order nunc pro tunc stating that it was dismissing the proceedings against Kelly, Fry, and Continental without prejudice, as requested by the Bevards. The Bevards appeal.

## ASSIGNMENTS OF ERROR

On appeal, the Bevards contend that the trial court erred in (1) granting Neosho and UP's motion for summary judgment, (2) finding that Daniel assumed the risk of Neosho's and UP's negligence, and (3) overruling the Bevards' motion for new trial.

## ANALYSIS

■ Neosho and UP argue that this court lacks jurisdiction to hear this appeal, because the dismissal filed by the Bevards on September 19, 2005, was broad enough to operate as a dismissal of the entire action against all defendants. Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues presented by a case. *Betterman v. Department of Motor Vehicles*, 273 Neb. 178, 728 N.W.2d 570 (2007).

Specifically, the Bevards' dismissal states, "The Plaintiff dismisses the above captioned proceeding without prejudice." The caption lists all eight of the above-named defendants. Neosho and UP argue that because the action was dismissed against all

defendants, there was no longer a pending case or controversy from which the Bevards could appeal.

In *State v. Dorcey*, 256 Neb. 795, 592 N.W.2d 495 (1999), the Nebraska Supreme Court held that the district court had no jurisdiction over the State's appeal from county court filed after the State voluntarily dismissed the county court proceedings. In *Smith v. Lincoln Meadows Homeowners Assn.*, 267 Neb. 849, 678 N.W.2d 726 (2004), the Nebraska Supreme Court held that a trial court acted beyond its authority when it granted a plaintiff's motion to dismiss her action without prejudice and allowed the plaintiff to reserve her right to appeal from a partial summary judgment in the defendant's favor. In short, when a case is voluntarily dismissed by a party, the controversy between the parties upon which a court may act ends. *Id.*

The Bevards argue that even if their dismissal was broad enough to dismiss all eight defendants, the nunc pro tunc order entered by the court was effective to modify the dismissal so as to specify that the Bevards were dismissing only Kelly, Fry, and Continental. As stated above, after filing the dismissal, the Bevards asked for a nunc pro tunc order stating that the dismissal acted only against Kelly, Fry, and Continental. The trial court then entered a nunc pro tunc order to that effect.

Neb. Rev. Stat. § 25-2001(3) (Cum. Supp. 2006), which section is the result of legislative amendments entered in 2000, states, "Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court by an order nunc pro tunc at any time . . . ." The Bevards acknowledge that the error was not that of the court or its clerk, but, rather, their own error in failing to specify that they wished to dismiss only certain defendants. The Bevards contend that their error constitutes an "oversight or omission" and fits squarely within the language of § 25-2001(3). We disagree.

In *Roemer v. Maly*, 248 Neb. 741, 539 N.W.2d 40 (1995), the Nebraska Supreme Court addressed a similar argument under § 25-2001(3) (Reissue 1989), which allowed the district court to vacate or modify its own judgments or orders after the term in which those judgments or orders were made "for mistake, neglect, or omission of the clerk, or irregularity in

obtaining a judgment or order." Accord § 25-2001(4)(a) (Cum. Supp. 2006).

In *Roemer v. Maly*, a patient whose medical malpractice action had been dismissed for lack of prosecution brought a motion seeking the reinstatement of her lawsuit under § 25-2001(3) (Reissue 1989). The patient's suit was dismissed after the court clerk sent the patient an order to show cause as to why her case should not be dismissed and the patient failed to respond. The patient argued that the trial court ought to modify its dismissal of her action, because the clerk had made a mistake in issuing the show cause order. The district court denied the patient's motion, and the patient appealed.

The Nebraska Supreme Court held that the patient was not entitled to reinstatement of her action, stating that the patient's argument "ignores our precedent on the issue of 'mistake' versus 'fault.'" 248 Neb. at 744, 539 N.W.2d at 44. The Supreme Court noted that the dismissal of the patient's action, resulting from the failure of the patient to receive notice of the show cause hearing, was caused by an error on the part of the patient rather than on the part of the court clerk.

The Nebraska Supreme Court concluded that the district court had no authority to set aside a judgment after term when any mistake, inadvertence, or neglect was a party's own. Rather, the court held that the purpose of § 25-2001(3), allowing vacation or modification of a judgment after term, was to address mishaps beyond a party's control.

█ Similarly, in the instant case, the Bevards make the argument that § 25-2001(3) (Cum. Supp. 2006), which now allows for the correction of "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission" by an order nunc pro tunc, should apply regardless of whether the mistake or error is that of the court clerk or that of a party or the party's attorney. As in *Roemer v. Maly*, we decline to allow an order nunc pro tunc to be used when the mistake or error at issue is a party's own. We conclude that "clerical mistakes" and "errors therein arising from oversight or omission" refer only to mistakes or errors made by the court clerk and not those made by a party or the party's attorney.

■ Furthermore, according to case law, a nunc pro tunc order operates to correct a clerical error or a scrivener's error, not to change or revise a judgment or order, or to set aside a judgment actually rendered, or to render an order different from the one actually rendered, even if such order was not the order intended. *In re Interest of Antone C. et al.*, 12 Neb. App. 466, 677 N.W.2d. 190 (2004). In essence, the Bevards' dismissal could be construed as a judgment rendered, given that a voluntary dismissal by a party ends the litigation and the dismissal need not be entered by the court. See *Werner v. Werner*, 186 Neb. 558, 184 N.W.2d 646 (1971).

In the Bevards' dismissal, they dismissed all of the defendants named in their lawsuit. In the court's nunc pro tunc order, the court revised the Bevards' dismissal by stating that the Bevards intended to dismiss only Kelly, Fry, and Continental and entered a dismissal of those three parties. Thus, the court's nunc pro tunc order rendered a judgment different from the judgment set out in the Bevards' dismissal. For this additional reason, the nunc pro tunc order entered by the trial court was not proper.

After reviewing the record, we conclude that the Bevards' order of dismissal acted to dismiss all defendants and that the nunc pro tunc order entered by the court was of no effect because it was not a proper nunc pro tunc order. Because the Bevards dismissed their entire action, we have no jurisdiction over this appeal, given that there is no remaining case or controversy.

## CONCLUSION

Because the Bevards voluntarily dismissed their entire action and the court's nunc pro tunc order was of no effect, there is no case or controversy before us, and therefore, we dismiss this appeal for lack of jurisdiction.

APPEAL DISMISSED.