NEBRASKA EQUAL OPPORTUNITY COMMISSION, APPELLEE, V.
MARJORIE POSTMA, APPELLANT.
428 N.W.2d 219

Filed August 26, 1988.   No. 86-1102.

Kevin Ruser for appellant.

Robert M. Spire, Attorney General, and Elaine A. Catlin for appellee.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and SPRAGUE and THOMPSON, D. JJ.

PER CURIAM.

The defendant, Marjorie Postma, was formerly employed by the plaintiff, Nebraska Equal Opportunity Commission, as a field representative. Effective October 1, 1980, the plaintiff formally adopted a policy requiring its field representatives, as a condition of employment, to complete certain courses in employment discrimination law offered off-campus by the Antioch School of Law. The cost of the courses was paid by the plaintiff, but if an employee was terminated or resigned before 2 years from the date of completing a specific class, the employee was required to reimburse the State for the cost of the class.

The defendant attended Antioch training courses on March 8 through 12 and June 22 through 25, 1981. The plaintiff paid $658, which was the cost of the two courses the defendant attended.

The defendant resigned from her employment by the plaintiff effective June 10, 1982, and requested a waiver of the

tuition reimbursement. The plaintiff denied the request, and on July 13, 1984, commenced this action to recover the $658 due the plaintiff. The defendant filed an answer and counterclaim and sought to recover $487.90, the amount due her as vacation pay which was withheld by the plaintiff.

On June 18, 1986, the plaintiff dismissed its action without prejudice. On November 17, 1986, the plaintiff moved to dismiss the defendant's counterclaim with prejudice for lack of jurisdiction. On November 24, 1986, the trial court sustained the plaintiff's motion to dismiss the defendant's counterclaim.

The defendant has appealed. Her only assignment of error relates to the dismissal of her counterclaim as being a matter solely within the initial jurisdiction of the State Claims Board.

As a general rule, "A party's right to dismiss does not affect the right of the other party to proceed on its petition or counterclaim." *Dawson v. Papio Nat. Resources Dist.*, 210 Neb. 100, 103, 313 N.W.2d 242, 245 (1981); Neb. Rev. Stat. § 25-603 (Reissue 1985).

Neb. Const. art. V, § 22, provides that "[t]he state may sue and be sued, and the Legislature shall provide by law in what manner and in what courts suits shall be brought."

Neb. Rev. Stat. § 24-325 (Reissue 1985), relating to counterclaims against the State, provides:

> In any civil action instituted by the state, except in actions for the collection of revenue, or for school or other trust funds, or against defaulting officers and their bondsmen, the defendant may, as matter of defense, plead any set-off, counterclaim or cross-demand that he may have arising to him in his own right, and upon which an action could be maintained by him against the state.

The defendant's counterclaim was authorized by § 24-325, which waived the sovereignty of the State with respect to the defendant's claim for vacation pay.

The fact that the State later dismissed its petition should not deprive the defendant of her right to proceed on her counterclaim.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

BOSLAUGH, J., dissenting.

A suit against the State on a claim arising out of contract may be brought only after the claim has been presented to the Director of Administrative Services. Neb. Rev. Stat. § 24-319 (Reissue 1985). Neb. Rev. Stat. § 24-325 (Reissue 1985) creates an exception to § 24-319 by permitting the pleading of a counterclaim only as a "*matter of defense*" in suits brought by the State. (Emphasis supplied.)

Special rules govern statutes in derogation of State sovereignty. We have held that "[s]tatutes which waive a state's sovereign immunity should be strictly construed in favor of the state" and that "[t]he court will resolve an evenly balanced uncertainty of meaning in favor of sovereignty." *Wiseman v. Keller*, 218 Neb. 717, 719, 358 N.W.2d 768, 770 (1984).

Before the defendant could have maintained an action against the State on her claim, it would have to have been presented to the Director of Administrative Services. After the State dismissed its petition without prejudice, the counterclaim was no longer defensive.

Strictly construed, § 24-325 simply grants the defendant, in an action by the State, the authority to file a *defensive* counterclaim. This limited waiver of immunity is not a complete waiver of the State's immunity. The right of a private litigant to sue the State should not be expanded beyond the limits expressed in the Constitution and statutes. The Nebraska Constitution grants to the Legislature the authority to control the manner in which suits may be maintained against the State. This court should not read into § 24-325 a meaning not warranted by the clear language of the statute.

The judgment of the district court should have been affirmed.

SPRAGUE, D.J., joins in this dissent.