**In re Billy Roy TYLER, Petitioner and Plaintiff,**

**No. MISC. 87–0–40.**

United States District Court, D. Nebraska.

May 7, 2003.

Memorandum and Order Following Opportunity to Comment June 2, 2003.

## MEMORANDUM AND ORDER

KOPF, Chief Judge.

In 1987, this court entered an order directed at curbing the litigation abuses of Mr. Tyler. *See In Re Billy Roy Tyler,* 677 F.Supp. 1410 (D.Neb.1987), *aff'd,* 839 F.2d 1290 (8th Cir.1988). Notwithstanding this prior order, Mr. Tyler continues to engage in the behavior the 1987 order sought to prevent. Moreover, since 1987, there have been changes in the law designed to assist the court in curbing litigation abuses like the kind perpetrated by Mr. Tyler.

It has now become necessary to reopen this case to address Mr. Tyler's continued misconduct. All the judges of this court concur in this memorandum and order.

### I. Factual Findings

The 1987 order noted numerous redundant filings by Mr. Tyler. That conduct continues.

Between February of 1990 and February of 2003, Mr. Tyler was a party to 78 cases in this court. Of those, in 2002, Mr. Tyler filed 12 cases and sought to reopen a closed 1994 case. In the first 2 months of 2003, he filed 5 new cases which have been assigned to 4 judges. One of those cases is 4:03CV3015, before Judge Smith Camp, in which Mr. Tyler has sued LaVon Stennis Williams and others regarding a 1992 transaction which Mr. Tyler has been barred from resurrecting in any appeals to the Nebraska Court of Appeals. *See Tyler v. Stennis,* 10 Neb.App. 655, 635 N.W.2d 550 (2001). The remaining four cases filed in February, 2003, replicate issues already pending before Judge Urbom in 4:02CV3286, *Tyler v. Johanns, et al.*

The 1987 order also noted the frequent filing of frivolous and malicious suits and motions and other pleadings. That conduct also continues.

In the last year alone, Mr. Tyler has filed multiple habeas corpus claims which have been dismissed, without prejudice, as successive or for lack of exhaustion. Frequently, he also moves to recuse or hold in contempt the district and magistrate judges assigned to his cases, including a record of 10 such motions in a single recent case. His lawsuits have been dismissed as frivolous and for failure to state a claim upon which relief can be granted.

Within recent months, this court has dismissed 7 of his cases for nonpayment of the filing fee, including federal tort claim litigation against the clerk of court. In January of 2003, the Director of the Administrative Office of the United States Courts denied Mr. Tyler's $10 million administrative tort claim filed against a judge's secretary and clerk's office personnel who refused to transfer Mr. Tyler's telephone calls to a judge.

The 1987 order also pointed to abusive and disrespectful language and behavior used by Mr. Tyler when communicating with this court. That conduct also continues.

As a recent example, see the petition in 4:03CV3091, the first page of which is a cover letter to Magistrate Judge Jaudzemis in which Mr. Tyler states, "this is an original Petition for Habeas Corpus you stupid white Bitch! The poverty affidavit ought to clue you." On another occasion Mr. Tyler sent mashed potatoes to the clerk of the court's office.

The 1987 order has never been revoked or reversed. Over time, perhaps because of the passage of the Prison Litigation Reform Act (PLRA) and the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the court's prior order was not strictly enforced by the clerk's office. Those laws, however, are not substitutes for this court's power to stop taking Mr. Tyler's cases.

Given Mr. Tyler's continued abusive conduct, and certain changes in the law, it is

now necessary to amend the 1987 order. However, before doing so, the court will give Mr. Tyler an opportunity to comment upon and object to the proposed amended order before the court implements it.

## II. Proposed Memorandum and Order

The court proposes to enter a memorandum and order amending the 1987 order in substantially the following form:

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

IN RE BILLY ROY TYLER,
Plaintiff and Petitioner.

MISC. 87–0–40

**MEMORANDUM
AND ORDER**

Pursuant to the court's previous memorandum and order that allowed Mr. Tyler to comment upon and object to this memorandum and order, understanding that nothing contained herein should be construed to authorize Mr. Tyler to violate the Prison Litigation Reform Act, the Antiterrorism and Effective Death Penalty Act of 1996, or other federal laws, and intending that this memorandum and order shall be construed to further curb Mr. Tyler's ability to engage in litigation abuses,

IT IS ORDERED that:

1. The court's previous order in this matter is superseded by this order on the effective date set forth in paragraph 6.

2. The clerk of this court is hereby directed not to accept in excess of one pleading per month initiating a new lawsuit for Mr. Billy Roy Tyler, whether as a plaintiff, petitioner, or otherwise, unless (a) the pleading, petition, or complaint alleges in clear, specific language that the plaintiff has been, or is about to be, subjected to immediate, extraordinary, and irreparable physical harm; and (b) such allegations are supported by an accompanying affidavit which sets forth clearly and specifically the facts giving rise to the allegations and which attaches any documentation of such facts that may exist.

3. The clerk shall return to Billy Roy Tyler any and all petitions or complaints submitted in excess of one per month, unless the exception noted in paragraph 2 above applies.

4. Each petition or complaint submitted to this court for filing in forma pauperis shall be accompanied by an affidavit in support of the applicant's leave to proceed in forma pauperis, which shall be supported by a copy of Mr. Tyler's trust account statements for the six months preceding the submission to this court, certified by the appropriate official at the institution where Mr. Tyler may be then confined.

5. Nothing in this order shall prohibit Mr. Tyler from proceeding as a proponent in any civil claim in this court with representation of an attorney admitted to practice in this court.

6. This order shall become effective June 1, 2003.

DATED this 30th day of May, 2003.

BY THE COURT:

s/Richard G. Kopf

Chief Judge and for the Court En Banc

### III. Opportunity to Comment and Object

Mr. Tyler will be given an opportunity to comment upon this memorandum and order and the foregoing proposed memorandum and order. Mr. Tyler may also make such objections as he desires. The court encourages Mr. Tyler to be temperate in his comments and objections.

IT IS ORDERED:

1. The Clerk of the United States District Court for the District of Nebraska shall mail a copy of this memorandum and order to the last-known address of Billy Roy Tyler.

2. Billy Roy Tyler is given until the close of business on May 29, 2003, to provide the court with written comments and objections regarding this memorandum and order and the proposed memorandum and order set forth herein. Mr. Tyler's written comments and objections should be sent to the Clerk of the United States District for the District of Nebraska, at Lincoln, Nebraska. The Clerk's mailing address is: P.O. Box 83468, Lincoln, NE 68501–3468.

### MEMORANDUM AND ORDER

Pursuant to the court's previous memorandum and order that allowed Mr. Tyler to comment upon and object to this memorandum and order, understanding that nothing contained herein should be construed to authorize Mr. Tyler to violate the Prison Litigation Reform Act, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), or other federal laws, and intending that this memorandum and order shall be construed to further curb Mr. Tyler's ability to engage in litigation abuses,

IT IS ORDERED that:

1. The court's previous order in this matter is superseded by this order on the effective date set forth in paragraph 6.

2. The clerk of this court is hereby directed not to accept in excess of one pleading per month initiating a new lawsuit for Mr. Billy Roy Tyler, whether as a plaintiff, petitioner or otherwise, which is accompanied by an application to proceed in forma pauperis, unless (a) the pleading, petition or complaint alleges in clear, specific language that the plaintiff has been, or is about to be subjected to immediate, extraordinary, and irreparable physical harm; and (b) such allegations are supported by an accompanying affidavit which sets forth clearly and specifically the facts giving rise to the allegations and which attaches any documentation of such facts that may exist.

3. The clerk shall return to Billy Roy Tyler any and all petitions or complaints submitted in excess of one per month, unless the exception noted in paragraph 2 above applies.

4. Each petition or complaint submitted to this court for filing in forma pauperis, shall be accompanied by an affidavit in support of the applicant's leave to proceed in forma pauperis, which shall be supported by a copy of Mr. Tyler's trust account statements for the six months preceding the submission to this court, certified by the appropriate official at the institution where Mr. Tyler may be then confined.

5. Nothing in this order shall prohibit Mr. Tyler from proceeding as a proponent in any civil claim in this court with representation of an attorney admitted to practice in this court.

6. This order shall become effective June 2, 2003.