IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

LEE V. FLETCHER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

DOUGLAS S. LEE, APPELLANT AND CROSSS-APPELLEE,

V.

TWILEA D. FLETCHER, APPELLEE AND CROSS-APPELLANT.

Filed March 29, 2016.    No. A-15-168.

Appeal from the District Court for Douglas County: JAMES T. GLEASON, Judge. Reversed and remanded with directions.

Andrew J. Hilger, of Law Office of Andrew J. Hilger, for appellant.

Steven G. Ranum and Scott D. Jochim, of Croker, Huck, Kasher, DeWitt, Anderson & Gonderinger, L.L.C., for appellee.

MOORE, Chief Judge, and IRWIN and BISHOP, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Douglas S. Lee appeals from an order of the district court dismissing his case against Twilea D. Fletcher with prejudice and awarding Fletcher attorney fees on the basis that Lee filed a frivolous lawsuit. Fletcher cross-appeals, arguing that the district court erred in overruling her motion for summary judgment.

On our review, we conclude that the district court erred in dismissing Lee's case with prejudice after Lee moved to dismiss the case without prejudice and in awarding attorney fees to Fletcher. The denial of Fletcher's motion for summary judgment is not a reviewable order. As such, we reverse the decision of the district court dismissing the case with prejudice and awarding attorney fees to Lee, and we remand with directions to dismiss the case without prejudice.

- 1 -

## II. BACKGROUND

The record before the trial court shows that Fletcher owned a house in Waterloo, Nebraska. Fletcher and Lee began dating in June 2009. In April 2010, Lee moved in with Fletcher and the two resided together in Fletcher's home until February 2013 when Lee moved out. The parties agree that they made various improvements to the house during the time that Lee resided with Fletcher, though they dispute the exact contributions each party made and the increase in value to the house's overall worth.

In April 2011, Lee and Fletcher cosigned on a loan to refinance the house. In advance of receiving the loan, Fletcher had filled out and signed a loan application. The loan application included a question asking "Title will be held in what Name(s)?" In response, Fletcher had typed "DOUGLAS S LEE TwiLea Fletcher." Lee testified that the parties intended that Lee would become co-owner of the property with Fletcher. In contrast, Fletcher claimed that she allowed Lee to cosign on the loan so he could claim a tax benefit, but that the parties never intended for Lee to co-own the property. The parties agree that Lee's name was never, in fact, added to the deed. After Lee moved out, Fletcher refinanced the home again, this time in her name alone.

On May 8, 2013, Lee brought suit against Fletcher. Lee claimed that he was entitled to a portion of the value of the house under theories of presumptive trust and unjust enrichment. According to Lee, he made improvements on the property under the belief that he was or would be made a co-owner of the property. Fletcher answered Lee's complaint, denying any agreement to make Lee co-owner of the property and asserting a counterclaim. Fletcher's counterclaim is not the subject of the present appeal and will be discussed herein only as relevant to the issues on appeal.

Fletcher moved for summary judgment, arguing that no genuine issue of material fact existed. The court held a hearing on Fletcher's motion and received evidence, including affidavits of both parties, documents pertaining to the April 2011 joint loan application, various e-mails, and documentation of improvements made to the house. The district court denied Fletcher's motion for summary judgment, stating that various material facts remained disputed, including the value and increase in value of the property, the intentions of the parties, and the value of any improvements made to the property during the relevant timeframe.

The court set the matter for trial on October 24, 2014. The court's scheduling order required the parties to provide exhibits to the court reporter no later than September 30, 2014. In advance of the trial, Lee requested various subpoenas, including for email records from Fletcher's employer. Lee also requested issuance of a subpoena upon Val Fletcher, Fletcher's father, who resided in Ainsworth, Nebraska.

On October 13, 2014, Fletcher moved for an award of attorney fees pursuant to Neb. Rev. Stat. § 25-824 (Reissue 2008), the statute permitting recovery of costs and fees in cases where the suit is deemed frivolous. It appears that Fletcher's motion for attorney fees was to be heard the same day as the trial, as no other hearing date was requested or scheduled.

On October 23, 2014, the day before trial was set to begin, Lee delivered his proposed exhibits to the court reporter. That evening, Lee filed a motion to dismiss his complaint without prejudice. The motion was electronically file-stamped at 5:22 p.m. The following morning, the parties convened for trial and the court took up Lee's motion to dismiss. The court acknowledged

receipt of Lee's motion to dismiss and asked Fletcher whether she had any objection. Fletcher objected to dismissal of Lee's complaint without prejudice and asked the court to grant dismissal with prejudice because the case amounted to "pure harassment."

The court noted that Lee's attorney had provided exhibits to the court reporter later than the pretrial scheduling order required. The court then stated that it would be dismissing Lee's complaint with prejudice. Lee's attorney asked that the court grant Lee's request to dismiss without prejudice because Lee "has a statutory right to dismissal without prejudice." The court replied as follows:

> I also have the power to impose sanctions for violation of Court orders. Whether the statute allows dismissal without prejudice, it does exist I grant you that. But my dismissal with prejudice is based on a violation of the Court's orders, and we're here for trial this morning. And the Court's orders with regard to evidence and exhibits were not followed. Therefore, at least as a sanction, the case -- plaintiff's case is dismissed with prejudice.

The court then proceeded to hear evidence on Fletcher's counterclaim and motion for attorney fees. Following the presentation of evidence, the court ruled in Fletcher's favor on her counterclaim and ordered Lee to pay Fletcher $5,000 in attorney fees.

Lee appeals from the court's order. Fletcher cross-appeals from the court's denial of her motion for summary judgment. Additional facts will be discussed as necessary in the analysis section below.

## III. ASSIGNMENTS OF ERROR

Restated and renumbered, Lee argues that the district court erred (1) in refusing to allow him to dismiss his complaint without prejudice and instead dismissing his complaint with prejudice as a sanction and (2) in awarding attorney fees to Fletcher on the basis that Lee's suit was frivolous.

On cross-appeal, Fletcher assigns as error the court's denial of her motion for summary judgment.

## IV. ANALYSIS

### 1. DISMISSAL

Lee argues that the district court erred in refusing to allow him to dismiss his complaint without prejudice. Lee further argues that the district court erred in dismissing his complaint with prejudice as a sanction for his noncompliance with the court's scheduling order. We agree that Lee had an unqualified entitlement to dismiss his complaint without prejudice prior to the submission of the case. The district court therefore erred in denying Lee's motion to dismiss without prejudice and in imposing dismissal with prejudice as a sanction.

Neb. Rev. Stat. § 25-601 (Reissue 2008) allows a plaintiff to dismiss his or her action without prejudice. *Werner v. Werner*, 186 Neb. 558, 184 N.W.2d 646 (1971). The statute states in relevant part, "An action may be dismissed without prejudice to a future action . . . by the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court . . . ." Neb. Rev. Stat. § 25-601.

The right of a plaintiff to dismiss a cause of action before submission to the court is a statutory right and is not a matter of judicial grace or discretion. *Werner*, *supra*. The filing of a

motion to dismiss means that the proceedings are dismissed by operation of law. *In re Interest of David M.*, 19 Neb. App. 399, 808 N.W.2d 357 (2011). A voluntary dismissal ends the litigation and the dismissal need not be entered by the court. *Bevard v. Kelly*, 15 Neb. App. 960, 739 N.W.2d 243 (2007).

The Nebraska Supreme Court applied these principles in *Werner*, *supra*. In that case, the plaintiff filed a motion to dismiss the case. *Id.* Subsequently, the defendant filed an objection to the dismissal and asked the court to strike the dismissal from the court file. *Id.* The trial court entered an order striking the dismissal from the file. *Id.* On appeal, the Nebraska Supreme Court concluded that "when the [plaintiff] filed his dismissal it ended the litigation, the case was no longer pending, and the order of the court reinstating the case was a nullity." *Id.* at 560, 184 N.W.2d at 647.

Here, Lee's motion to dismiss the case without prejudice was filed the eve before trial, before final submission of the case. Lee's motion served to dismiss his complaint by operation of law, without the need for the district court to enter a dismissal. See *In re Interest of David M.*, *supra*; *Bevard*, *supra*. The subsequent order of the court attempting to impose the sanction of dismissal with prejudice came after the litigation had ended and was therefore a nullity. *Werner*, *supra*. Accordingly, we reverse the district court's order dismissing Lee's complaint with prejudice and remand with directions to the court to dismiss Lee's motion without prejudice in accordance with his motion.

## 2. ATTORNEY FEES

Lee next argues that the district court erred in awarding Fletcher attorney fees based on its determination that Lee's suit was frivolous. Lee's suit was not so wholly without merit as to be ridiculous nor did he file the suit in bad faith. We agree that the district court erred in awarding Fletcher attorney fees.

As an initial matter we must determine whether the court was correct in addressing Fletcher's motion for attorney fees, given our holding that Lee dismissed the case without prejudice prior to the court's hearing.

When a plaintiff voluntarily dismisses his or her case, Neb. Rev. Stat. § 25-603 (Reissue 2008) nevertheless permits the defendant to proceed to trial on a properly pled setoff or counterclaim. See *Neb. Equal Opportunity Comm'n v. Postma*, 229 Neb. 632, 428 N.W.2d 219 (1988). As an early Nebraska Supreme Court case put it, "Defendants who have pleaded facts entitling them to affirmative relief cannot be eliminated from the case by a mere dismissal as to them by plaintiffs." *Toop v. Palmer*, 108 Neb. 850, 189 N.W. 394 (1922).

Here, Fletcher had filed a counterclaim and had filed her motion for attorney fees prior to Lee moving to dismiss his complaint. Accordingly, Fletcher had already asserted an entitlement to relief, attorney fees, and Lee was not permitted to eliminate Fletcher's claim simply by dismissing his own action. See *id.*; cf. *Kan. Bankers Sur. Co. v. Halford*, 263 Neb. 971, 980, 644 N.W.2d 865, 871 (2002) (stating that "a party seeking attorney fees in the trial court must make the request prior to the judgment" and reversing the award of attorney fees to the defendant because he had moved for attorney fees *after* the plaintiff had already dismissed the action). We conclude that the court properly addressed Fletcher's motion for attorney fees because Fletcher filed it prior to Lee dismissing the action.

- 4 -

We turn now to the merits of the attorney fees award made by the district court.

On appeal, a trial court's decision allowing or disallowing attorney fees for frivolous or bad-faith litigation will be upheld in the absence of an abuse of discretion. *Cent. Neb. Pub. Power & Irrigation Dist. v. N. Platte Natural Res. Dist.*, 280 Neb. 533, 788 N.W.2d 252 (2010). Section 25-824 provides generally that the district court can award reasonable attorney fees and court costs against any attorney or party who has brought or defended a civil action that alleges a claim or defense that a court determines is frivolous or made in bad faith. *Id.* A frivolous action is one in which a litigant asserts a legal position wholly without merit; that is, the position is without rational argument based on law and evidence to support the litigant's position. *TFF, Inc. v. Sanitary & Improvement Dist. No. 59 of Sarpy Cnty.*, 280 Neb. 767, 790 N.W.2d 427 (2010). The term "frivolous" connotes an improper motive or legal position so wholly without merit as to be ridiculous. *Id.* Attorney fees for a bad-faith action under § 25-824 may be awarded when the action is filed for purposes of delay or harassment. *Chi. Lumber Co. of Omaha v. Selvera*, 282 Neb. 12, 809 N.W.2d 469 (2011).

Sanctions for filing a frivolous action should not be imposed except in the clearest cases. *Randolph Oldsmobile Co. v. Nichols*, 11 Neb. App. 158, 645 N.W.2d 566 (2002). Any doubt about whether a legal position is frivolous or taken in bad faith should be resolved in favor of the party filing the allegedly frivolous action. *Id.*

At the hearing on Fletcher's counterclaim and motion for attorney fees, Fletcher testified that Lee made comments to her prior to the filing of the suit to the effect that he would "drag [her] friends and family into it" and make her "spend at least [as] much [as his settlement offer] in lawyer fees defending [her]self." Fletcher testified that she understood these comments to be threats and that she felt the "entire case is post-breakup harassment." Fletcher also testified that her father, Val, had received notice that Lee was going to dismiss the case, but that he was already en route to Omaha for the trial and did not turn around and return home.

Lee also testified at the hearing. According to Lee, he brought the suit because he believed the parties had intended that his name be put on the title to the house. Lee testified that although he had received authorization from the court to issue a subpoena to Fletcher's employer for e-mail records, Lee had never served the subpoena. Lee testified that he had refrained from serving the subpoena on Fletcher's employer because he believed it might reveal ethical violations on Fletcher's part and that he did not want Fletcher to lose her job.

Val Fletcher, Fletcher's father, also testified at the hearing. Val testified that he resided in Ainsworth, Nebraska, about a four hour drive from Omaha, and that he had been subpoenaed to appear in the case. Val also testified that he had observed some changes Lee had made to the house, including installing new garage doors.

The court's order awarding Fletcher attorney fees stated that it found the award appropriate under § 25-824 because Lee's "claims in this case were frivolous, so wholly without merit as to be ridiculous, and [were] brought with an improper purpose and in bad faith for the sole purpose of harassing [Fletcher] and her family." In support of its award of attorney fees, the court made the following findings:

> 1) [Lee] has prosecuted this action against [Fletcher] in bad faith, 2) [Lee] did not make a reasonable effort to determine the validity of his claims before he filed this case, 3) facts were available to assist [Lee] and his counsel in determining the validity of his claims, 4)

the issues of fact determinative of [Lee's] claims were not reasonably in conflict, 5) [Lee] unnecessarily expanded the proceedings by improper conduct including but not limited to issuing a trial subpoena to [Fletcher's] father who resides in western Nebraska, requiring him to drive to Omaha and attend trial only to find out that [Lee] did not plan to proceed with his claims on the morning of trial, 6) although [Lee] filed a motion to dismiss his claims, [Lee] did not file the motion within a reasonable time after he knew or reasonably should have known that he would not prevail on his claims, and 7) . . . [Lee] failed to abide by the deadlines and requirements set forth in this Court's Scheduling Order.

We do not agree with the district court that Lee filed a frivolous and bad-faith lawsuit. Although the court apparently found that Lee had subpoenaed Val solely for the purpose of harassing Fletcher, the testimony reveals that Val had pertinent knowledge, namely, his first-hand observation of improvements Lee made to the property's garage doors. Furthermore, Fletcher testified that her father had been notified of Lee's intent to dismiss the case, but that he had proceeded to Omaha anyway because he had already started driving. Fletcher's testimony to this effect belies the district court's finding that Lee "require[d Val] to drive to Omaha and attend trial only to find out that [Lee] did not plan to proceed with his claims on the morning of trial." Although Lee's subpoena of Val and later decision to dismiss the case undoubtedly resulted in inconvenience to Val, we cannot conclude that Lee subpoenaed Val solely for the purpose of harassing Fletcher.

The district court's order also purported to award attorney fees to Fletcher on the basis of Lee's noncompliance with the court's scheduling order. Section 25-824 allows recovery if the court finds that an attorney "unnecessarily expanded the proceedings by other improper conduct, including, but not limited to, abuses of civil discovery procedures." While Lee failed to comply with the scheduling order requiring him to present exhibits to the court reporter two weeks before trial, the record does not support the district court's determination that this delay in any way "unnecessarily expanded the proceedings." The record does not reflect that Lee's untimely delivery of exhibits resulted in any delay, especially given that the action was dismissed and the trial in which the exhibits would have been used never took place.

The remainder of the court's order awarding Fletcher attorney fees focuses on the allegedly frivolous nature of Lee's claims, including that the determinative issues of fact were not reasonably in conflict and Lee did not timely investigate or dismiss his invalid claims. We note that the district court had previously determined that there were disputed issues of material fact when it denied Fletcher's motion for summary judgment. This ruling does not support the court's later determination that Fletcher should be awarded attorney fees in part because "the issues of fact determinative of [Lee's] claims were not reasonably in conflict." We agree with the court's prior ruling that material facts existed. Specifically, the parties' respective affidavits demonstrate that they disagreed on whether it was intended that Lee's name would be added to the title of Fletcher's house.

We also disagree that Lee's claims were so wholly without merit as to be deemed frivolous. Lee based his claims on theories of presumptive trust and unjust enrichment. Lee also argued that his presumptive trust argument was broad enough to encompass an argument of constructive trust as well.

- 6 -

Under the theory of unjust enrichment, where benefits have been received and retained under circumstances such that it would be inequitable and unconscionable to permit the party receiving them to avoid payment therefor, the law requires the recipient to pay the reasonable value of the services. *Tracy v. Tracy*, 7 Neb. App. 143, 581 N.W.2d 96 (1998). To give rise to an implied contract to pay, the services must have been rendered in the expectation that the other party would pay. *Id.* In turn, the other party must have accepted the services with knowledge of that expectation. *Id.* Where a family relationship exists between the party rendering services and the party accepting the services, a presumption exists that the services were rendered gratuitously. See *id.*

A presumptive trust, also known as a resulting trust, is a trust raised by implication of law and presumed to have been contemplated by the parties, their intention as to which is to be found in the nature of their transactions but not expressed in the instrument of conveyance. *Guynan v. Guynan*, 208 Neb. 775, 305 N.W.2d 882 (1981). It is generally held that the foundation of resulting trust lies in the ownership and payment of purchase money by one when title is taken in the name of another. *Id.*

A constructive trust is a relationship, with respect to property, subjecting the person who holds title to the property to an equitable duty to convey it to another on the ground that his or her acquisition or retention of the property would constitute unjust enrichment. *Trieweiler v. Sears*, 268 Neb. 952, 689 N.W.2d 807 (2004). The party seeking to establish the trust must prove by clear and convincing evidence that the individual holding the property obtained title to it by fraud, misrepresentation, or an abuse of an influential or confidential relationship and that under the circumstances, such individual should not, according to the rules of equity and good conscience, hold and enjoy the property so obtained. *Id.*

Here, Lee claimed that both he and Fletcher intended that Lee co-own the house and that he made improvements to the home under the impression that he was or would be a co-owner. In support of this argument, Lee presented a loan application, signed by Fletcher, stating that both Fletcher and Lee's names would appear on the title to the property. Lee also presented evidence arguably demonstrating that Fletcher considered the house to be jointly owned, such as emails to the loan officer referring to "our home." Lee's evidence could support a finding that the parties intended that he become a co-owner of the property and that Fletcher had wrongfully retained full ownership thereof.

Fletcher argues that despite her representation on the loan application that Lee's name would be added to the title, Lee's resulting and constructive trust arguments are without merit because any purported fraud did not pertain to Fletcher's acquisition of the property. Fletcher points to the fact that she already owned the house prior to meeting Lee and that case law refers to the party's "acquisition" or "purchase" of property. In response, Lee argues that the purchase of land is not the only form of resulting or constructive trust which a court may recognize.

Lee also presented an arguable claim for unjust enrichment. The evidence could have supported Lee's argument that he made improvements to the house because Fletcher promised to add his name to the title. Fletcher argues that because she and Lee were in a romantic relationship at the time, the presumption that the services were rendered gratuitously would invalidate Lee's claim. However, the fact that Fletcher stated in the loan application that both she and Lee would own the house could serve to rebut the presumption of gratuitous services between family members. Specifically, Fletcher's statement on the loan application lends validity to Lee's

argument that he made improvements on the house in exchange for Fletcher's promise to add his name to the title.

Although it is far from clear that Lee would have prevailed on his claims for resulting trust and unjust enrichment had the matter proceeded to trial, it is apparent that his arguments find some basis in the law and are not so wholly without merit as to be ridiculous. See *TFF, Inc. v. Sanitary & Improvement Dist. No. 59 of Sarpy Cnty.*, 280 Neb. 767, 790 N.W.2d 427 (2010). Given that Lee's claims had a basis in the law and the evidence, and that he demonstrated a viable reason for subpoenaing Val Fletcher to testify at the trial, we conclude that the district court abused its discretion when it found that Lee filed a frivolous and bad-faith lawsuit. Accordingly, we reverse the order of the district court awarding attorney fees to Fletcher under § 25-824.

### 3. SUMMARY JUDGMENT

In her cross-appeal, Fletcher assigns as error the district court's denial of her motion for summary judgment. The denial of a motion for summary judgment is neither appealable nor reviewable. *Caruso v. Parkos*, 262 Neb. 961, 637 N.W.2d 351 (2002). This rule applies in equal measure to the situation, as here, when a cross-appellant alleges that the denial of a motion for summary judgment was error. See *Thomsen v. Greve*, 4 Neb. App. 742, 550 N.W.2d 49 (1996). Accordingly, we find Fletcher's assignment of error to be without merit.

### V. CONCLUSION

We conclude that the district court erred in dismissing Lee's case with prejudice after Lee moved to dismiss the case without prejudice and in awarding attorney fees to Fletcher. As such, we reverse the decision of the district court dismissing the case with prejudice and awarding attorney fees to Fletcher, and we remand the matter with directions to dismiss Lee's complaint without prejudice. We do not address Fletcher's argument that the trial court erred in overruling her motion for summary judgment. Finally, as explained above, our ruling does not affect the court's ruling on Fletcher's counterclaim.

REVERSED AND REMANDED WITH DIRECTIONS.